UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| MICHAEL SPEERS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:04-cv-32 |
| ) | |
| v. ) | |
| ) | |
| COUNTY OF BERRIEN, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| _____ ) | |

This is a civil rights action brought by the personal representatives of the estate of the late David Alan Speers. Mr. Speers died in August of 2002 while he was an inmate in the Berrien County jail. Plaintiffs' amended complaint consists of three counts: Count I, deliberate indifference to serious medical needs; Count II, gross negligence in violation of state law; and Count III, illegal detention in violation of the decedent's constitutional rights. The complaint named a total of thirteen defendants, [1] eleven of which are divided into two groups: the "County Defendants," consisting of Sheriff Paul Bailey and County of Berrien; and the "Individual Defendants," a group comprising the deputies and health care providers who allegedly had contact with the decedent during his period of confinement: Deputy Sergeant Eric L. Hyun, Deputy Lieutenant Edward Knapp, Deputy Kevin M. Tierney, Deputy Perry A. Bundy, Deputy Barry D. Oliver, Deputy Buddy Chapman, Deputy Donald Mangold, Special Deputy Mark Haueisen, R.N., and Special Deputy Pat Brown, R.N.

---

[1] Pursuant to stipulation, all plaintiffs' claims against defendant Special Deputy and Berrien County Medical Examiner Robert Clark were dismissed. Defendant Lynn S. Gray, M.D. has separate legal counsel. Dr. Gray was not among the defendants who sought summary judgment or later filed a notice of appeal.

On July 21, 2005, the court entered an order granting in part and denying in part defendants' motions for summary judgment (docket #'s 86, 125). The court denied the Individual Defendants' motion for summary judgment on all three counts. The court rejected their defense of qualified immunity. The court granted summary judgment in favor of defendant Sheriff Bailey on all plaintiffs' claims against him in his individual capacity. The court granted defendant County of Berrien's motion for summary judgment on (1) the Count I claim regarding unconstitutional *de facto* policies at the Berrien County jail; (2) the Count II gross negligence claim; and (3) the Count III illegal detention claim. The court denied Berrien County's motion for summary judgment on plaintiffs' Count I claim asserting that Berrien County was deliberately indifferent to the decedent's serious medical needs by its failure to train its deputies properly. On July 29, 2005, defendants filed a notice of interlocutory appeal of the court's July 21, 2005 order. (docket # 227). The matter is before the court on defendants' motion for a stay of proceedings during the pendency of the appeal. (docket # 228). Plaintiffs oppose defendants' motion. (docket #'s 232, 233). Upon review, defendants' motion will be granted and all further proceedings in this case will be stayed pending a decision by the Sixth Circuit resolving defendants' appeal. (docket # 228).

## Discussion

The Individual Defendants are pursuing an interlocutory appeal, as a mater of right, pursuant to 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511 (1985) of the order denying their motion for summary judgment on the basis of qualified immunity. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction and divests the district court of its control of those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount*

*Co.*, 459 56, 58 (1982). The notice of appeal[2] divests the district court of jurisdiction and transfers jurisdiction to the Court of Appeals. The district court only retains jurisdiction to proceed with matters that are in aid of the appeal. *See Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003); *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995).

Ordinarily, proceedings on the remainder of a case are stayed during the pendency of an interlocutory appeal on the qualified immunity issue. *See Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)("In the absence of the district court's reasoned finding of frivolousness[3] . . . the trial

---

[2]The Individual Defendants did not expressly identify the basis upon which they sought appellate review of the decision on plaintiffs' state-law gross negligence claims, but their emphasis on the "intertwined" nature of those claims makes it clear that the Individual Defendants have asked the Court of Appeals to exercise pendent jurisdiction. "The exercise of pendent jurisdiction, while discretionary, is appropriate where the appealable and non-appealable issues are 'inextricably intertwined.'" *Tucker v. City of Richmond*, 388 F.3d 216, 224 (6th Cir. 2004); *see Brennan v. Township of Northville*, 78 F.3d 1152, 1157-58 (6th Cir. 1996).

Obviously, a municipality and the sheriff in his official capacity could not, an did not, claim qualified immunity. *See Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005); *United Food & Commercial Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 753 n. 4 (6th Cir. 2004). The County Defendants lack any appeal as of right under *Mitchell v. Forsyth*. The notice of appeal's emphasis that plaintiffs' failure to train claims are "intimately related" to plaintiffs' claims against the Individual Defendants is construed as a request by the County Defendants for the Court of Appeals, in its discretion, to exercise pendent jurisdiction. Whether such review is available to the County Defendants is a matter to be determined by the Court of Appeals. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 50-51(1995); *Crockett v. Cumberland College*, 316 F.3d 571, 578 (6th Cir. 2003); *Mattox v. City of Forest Park,* 183 F.3d 515, 523-24 (6th Cir. 1999).

[3]Some federal courts have suggested that an exception to the general rule that the notice of appeal automatically divests the district court of jurisdiction exists where the plaintiff proves that the appeal is frivolous and the district court certifies to the court of appeals that the appeal is frivolous and provides the court of appeals with a clear and reasoned basis for the finding of frivolousness. *See Apostol*, 870 F.2d at 1339; *see also Stewart v. Donges*, 915 F.2d 572, 574, 577 (10th Cir. 1990) (Tenth Circuit holding that the entire district court trial was a nullity because, in the absence of a certification that the appeal was frivolous, the district court lacked jurisdiction). The Sixth Circuit has never expressly authorized this type of certification procedure, but in *Yates v. City of Cleveland*, 941 F.2d 444, 448, 451 (6th Cir. 1991), two of the three panel opinions cited the

is automatically put off; it should not be necessary for the defendants to come to this court, hat in hand, seeking relief that it already theirs by virtue of [ *Mitchell v.] Forsyth*, which authorizes *pre-trial* appeals.")(emphasis in original); *McCormick v. City of Lawrence*, 218 F.R.D. 687, 693 (D. Kan. 2003). In rare instances where a district court has denied a stay, pursuant to their supervisory powers,[4] appellate courts have directed district courts to stay proceedings pending resolution of the appeal. *See Goshtasby v. Board of Trustees of the Univ. of Illinois*, 123 F.3d 427 (7th Cir. 1997); *Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994). Qualified immunity is an immunity from suit, and the rationale for allowing an immediate appeal of the order denying qualified immunity is that the immunity from suit is lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. at 525-27.

Plaintiffs' three-page "Answer" to defendants' motion (docket # 232) and four-page brief in opposition (docket # 233) cite two cases, *Johnson v. Jones*, 515 U.S. 304 (1995) and *Berryman v. Rieger*, 150 F.3d 561 (6th Cir. 1998), neither of which support plaintiffs' position that this court should deny a stay. The Sixth Circuit's recent decision in *Estate of Carter v. City of Detroit*, 408 F.3d. 305 (6th Cir. 2005)[5] summarized the standards applicable to an interlocutory appeal based upon a district court decision denying qualified immunity:

---

*Apostal* decision with favor, thus suggesting that in an appropriate case, this court could certify to the Court of Appeals that an appeal was frivolous, and proceed to try the remainder of the case. Here, the court finds no basis for any such certification.

[4] A district court order granting or denying a stay is generally viewed as an order regarding the internal progress of the litigation and is not immediately appealable. *See* 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 203.10[6][b][2] at 203-38 (3d ed. 2005).

[5] The *Estate of Carter* case, like this case, involved a claim of qualified immunity on a pretrial detainees' claim of deliberate indifference to serious medical needs in violation of the plaintiff's Fourteenth Amendment rights. 408 F.3d at 311.

> A district court's denial of qualified immunity is an appealable final decision under 28 U.S.C. § 1291, but only to the extent that it turns on an issue of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed.2d 411 (1985). "[A] defendant entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as the order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson* [*v. Jones*, 515 U.S. 304,] 319-20 [(1995)]. It is not fatal to [a defendant's] appeal that the district court based its holding on the existence of genuine issues of fact as "this court has recognized that the standard articulated by the Supreme Court: '*regardless of the district court's reasons* for denying qualified immunity, we may exercise jurisdiction over the . . . appeal to the extent that it raises questions of law.'" *Williams v. Mehra*, 186 F.3d 685, 689-90 (6th Cir. 1999)(*en banc*)(quoting *Dickerson v. McClellan*, 101 F.3d 1151, 1157 (6th Cir. 1996)). Therefore, despite the label used by the district court, this court can consider whether "the undisputed facts or the evidence viewed in the light most favorable to the plaintiff fail to establish a *prima facie* violation of a clear constitutional law." *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998).

*Estate of Carter*, 408 F.3d at 309. The *Estate of Carter* decision makes it pellucid that even in instances where a district court finds genuine issues of fact for trial, the determination of whether appellate jurisdiction exists over the order denying summary judgment on the basis of qualified immunity is for the Court of Appeals, not this court. *See Estate of Carter*, 408 F.3d at 309. Consequently, those defendants who are entitled to pursue an interlocutory appeal on the qualified immunity defense are absolutely entitled to a stay of trial court proceedings on all claims subject to that defense, with no discretion in this court to order otherwise.

Given the general rule that the notice of appeal divests the district court of jurisdiction, and the defendants' automatic entitlement to a stay of proceedings pending resolution of the interlocutory appeal, it is not surprising that the parties have not cited, and the court has been unable to locate, any authority specifically addressing the issue of whether the district court retains jurisdiction where the notice of appeal seeking appeal of right with regard to qualified immunity also asks the Court of Appeals to exercise pendent jurisdiction over the remaining claims. The Sixth Circuit has held that an appeal from an interlocutory order does not divest the district court of

jurisdiction to decide "other issues" involved in the case, suggesting that this court may retain jurisdiction over the claims where defendants lack an appeal as of right. *See Moltan Co. v. Eagle-Pitcher Indus.*, 55 F.3d 1171, 1174 (6th Cir. 1995); *Weaver v. University of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992). Assuming for the sake of argument that this court has jurisdiction over the portion of this case where defendants lack an appeal of right, the question is whether the court, in its discretion, should stay all proceedings. Compelling reasons against proceeding in the piecemeal manner plaintiffs suggest persuade the court to grant defendants' motion.

Plaintiffs argue that despite the appeal by the vast majority of defendants in this case, this court should nonetheless deny the stay and, on the basis of plaintiffs' financial investment in the lawsuit, public policy concerns, plaintiffs' perception of the negative impact of appellate expenses on the prospects for settlement and prejudice resulting from delay, proceed with a trial on plaintiffs' claims "against Berrien County and Sheriff L. Paul Bailey as well as the claim against the individual defendants on illegal detention and state law claims." (docket # 233 at 5). District courts enjoy considerable discretion in establishing the framework for the orderly progression of a case. *See Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003). Plaintiffs' proposal that the court proceed to trial while the rest of the case is on appeal is a recipe for needless duplication, waste, and expense. Splitting of the claims and trials as plaintiff now suggests guarantees the very waste and additional expense plaintiffs purportedly seek to avoid. Multiple trials are more expensive than a single trial. This case involves numerous defendants. The parties would be called upon to provide duplicative and overlapping testimony on multiple occasions. The entire post-notice-of-appeal exercise likely would be a waste of time in the event that the Court of Appeals elects to exercise pendent jurisdiction. Under these circumstances, sound judicial administration compels the court to grant

defendants' motion for a stay of all proceedings in this case pending the issuance of mandate by the United States Court of Appeals for the Sixth Circuit.

Dated:   August 10, 2005                         /s/  Joseph G. Scoville
                                                 United States Magistrate Judge